IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO. 1:16-CV-279-MR-DCK

| | |
|---|---|
| NATHANIEL ALAN ROSS RHODES JR., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BUNCOMBE COUNTY; JACK VAN ) <br> DUNCAN, in his individual and official ) <br> capacities; WESTERN SURETY COMPANY; ) <br> and CHARLES SAMUEL KIELSON, in his ) <br> individual and official capacities, ) <br> ) <br> ) <br> Defendants. ) <br> ) | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** on "Jack Van Duncan And Western Surety Company's Motion For Judgment On The Pleadings" (Document No. 10). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion, the record, and applicable authority, the undersigned will <u>deny</u> the motion as moot.

### BACKGROUND

Nathaniel Alan Ross Rhodes, Jr. ("Plaintiff" or "Rhodes") initiated this action with the filing of a Complaint (Document No. 1) on August 17, 2016. On September 23, 2016, Plaintiff filed a "Motion For Court's Leave To Amend Complaint" (Document No. 5). The undersigned granted the motion and ordered Plaintiff to "file an Amended Complaint on or before September 28, 2016." (Document No. 6).

Plaintiff failed to timely file his Amended Complaint, and Defendants then filed Answers (Document Nos. 7, 8, and 9) and "Jack Van Duncan And Western Surety Company's Motion For Judgement On The Pleadings" (Document No. 10) on October 17 and 18, 2016.

On October 20, 2016, Plaintiff finally filed his "Amended Complaint" (Document No. 11). It is unexplained why Plaintiff failed to file his "Amended Complaint" as directed by the Court. The "Amended Complaint" (Document No. 11) will be allowed by the Court; however, Plaintiff is advised that further failures to abide by Orders of the Court may result in sanctions.

Based on the "Amended Complaint," immediate review of "Jack Van Duncan And Western Surety Company's Motion For Judgment On The Pleadings" (Document No. 10) is appropriate.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 15 applies to the amendment of pleadings and allows a party to amend once as a matter of course within 21 days after serving, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1). Rule 15 further provides:

> **(2) Other Amendments.** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed.R.Civ.P. 15(a)(2).

Under Rule 15, a "motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile." Nourison Rug Corporation v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008) (citing HCMF Corp. v. Allen, 238 F.3d 273, 276-77 (4th Cir. 2001)); see also, Foman v. Davis, 371 U.S. 178, 182 (1962). However, "the grant or denial of an opportunity to amend is within the discretion of the District Court." Pittston Co. v. U.S., 199 F.3d 694, 705 (4th Cir. 1999) (quoting Foman, 371 U.S. at 182).

## DISCUSSION

Plaintiff's "Amended Complaint" (Document No. 11), supersedes the original Complaint, therefore, the undersigned will direct that "Jack Van Duncan And Western Surety Company's Motion For Judgment On The Pleadings" (Document No. 10) be denied as moot. This denial is without prejudice to Defendants filing a renewed motion, if appropriate.

It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot. Young v. City of Mount Ranier, 238 F. 3d 567, 573 (4th Cir. 2001) ("The general rule ... is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect."); see also, Colin v. Marconi Commerce Systems Employees' Retirement Plan, 335 F.Supp.2d 590, 614 (M.D.N.C. 2004) ("Earlier motions made by Defendants were filed prior to and have been rendered moot by Plaintiffs' filing of the Second Amended Complaint"); Turner v. Kight, 192 F.Supp. 2d 391, 397 (D.Md. 2002) (quoting 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1476 (2d ed. 1990) ("A pleading that has been amended ... supersedes the pleading it modifies .... Once an amended pleading is interposed, the original pleading no longer performs any function in the case.")); Brown v. Sikora and Associates, Inc., 311 Fed.Appx. 568, 572 (4th Cir. Apr. 16, 2008); and Atlantic Skanska, Inc. v. City of Charlotte, 3:07-CV-266-FDW, 2007 WL 3224985 at *4 (W.D.N.C. Oct. 30, 2007).

## CONCLUSION

**IT IS, THEREFORE, ORDERED** that "Jack Van Duncan And Western Surety Company's Motion For Judgment On The Pleadings" (Document No. 10) is **DENIED AS MOOT**.

Signed: October 24, 2016

David C. Keesler
United States Magistrate Judge