IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO. 1:16-CV-279-DCK

| | |
|---|---|
| NATHANIEL ALAN ROSS RHODES, JR., <br>     Plaintiff, <br> v. <br> BUNCOMBE COUNTY; JACK VAN DUNCAN, in his individual and official capacities; WESTERN SURETY COMPANY; and, CHARLES SAMUEL KIELSON, in his individual and official capacities, <br>     Defendants. | **CONSENT PROTECTIVE ORDER FOR RELEASE OF SBI FILES IN CASE NUMBER 2013-01583** |

    Nathaniel Alan Ross Rhodes, Jr, Buncombe County, Jack Van Duncan, Western Surety Company, and Charles Samuel Kielson (collectively "the Parties"), and the North Carolina State Bureau of Investigation ("SBI") stipulate to the entry by the Court of this Protective Order allowing release of the SBI investigative reports of case number 2013-01583.

    Counsel for the Parties, and the SBI stipulate and agree to the following statement of facts that authorize the Court's entry of the Protective Order pursuant to N.C. Gen. Stat. § 132-1.4.

1.    The Parties have requested the release of the SBI investigative materials identified above.

2.    The Parties and the SBI agree that these reports and files may be material and relevant to the subject matter involved in a potential civil action.

3.    The requested SBI files are confidential materials that are exempt from public records disclosure requirements pursuant to the provisions of N.C. Gen. Stat. § 132-1.4, and subject to release only by the order of a court of competent jurisdiction.

4.    The Parties and the SBI further agree that production of the SBI materials should be made pursuant to the conditions of this stipulated Protective Order.

5.    Except as may be otherwise provided by further order of the Court, documents identified as confidential SBI investigative materials from the investigation into the investigation of Nathaniel Alan Ross Rhodes Jr. (hereafter "SBI Documents") shall be used for no purpose other than prosecuting or defending this action and shall not be used or disclosed by any person for any other purpose, except as provided herein.

6.    Access to and the use of any SBI Documents, or any part thereof, shall be limited to the following qualified persons/entities:

    a.    The Parties and their attorneys of record, and their legal assistants, other staff members, and law student clerks; insurers, their agents and employees; outside companies engaged by the Parties' attorneys to photocopy such documents; officers, managers, owners or employees of the Parties who provide material assistance in the legal representation of the Parties.

    b.    A deponent in the action (during a deposition or in preparation therefore) when the confidential SBI Documents are materially related to the questions asked to or testimony of such deponent;

    c.    Mediators;

    d.    Consultants and technical experts involved in the preparation of this action;

    e.    Court reporters, their transcribers, assistants and employees;

    f.    Any potential or actual deposition or trial witness to the extent that it is necessary to tender such witness as an exhibit a confidential SBI Document in order to elicit testimony relevant to the matters at issue in this case;

    g.    The jury and trier of fact.

7. The above individuals and entities that are permitted access to the SBI Documents are hereby ordered not to show, convey or reproduce any documents so designated or parts thereof, or copies thereof, or any matter contained therein, or any extracts or summaries thereof, to any individual, or to any entity that would not otherwise have access to said documents under the provisions of this Protective Order.

8. Counsel may make copies of the SBI Documents for the Parties' experts upon receiving from said experts a written agreement that they will be bound by the terms of this Protective Order. The requirement of obtaining such an agreement shall be satisfied by having each of the Parties' experts read, acknowledge, and agree in writing to be bound by this Protective Order. A file of all such written acknowledgments shall be maintained by the Parties' counsel. By signing the declaration agreeing to be bound by this Protective Order, each of the Parties' experts submits himself or herself to the jurisdiction of the Court for purposes of enforcement of this Protective Order.

9. Counsel for the Parties are responsible for notifying any person who is provided access to information or material from the SBI Documents of the terms of this Protective Order. Counsel shall keep a record of all persons to whom disclosures or access are made.

10. Any materials and documents contained within the SBI Documents that are deemed confidential, pursuant to North Carolina General Statute or case law, may be released to the persons and Court as listed herein, only if the materials and information are filed in sealed containers containing a general description of the contents and a statement that the contents are confidential and may be revealed only by the Court or upon prior written consent of counsel for the SBI.

11. The administrative staff of the Court shall maintain such sealed containers intact and unopened except as otherwise directed by the Court. However, such information shall continue to be available to the Court and to those persons listed in this Protective Order.

12. Each person who reviews or receives access to the confidential SBI Documents described herein submits himself or herself to the personal jurisdiction of the Court, wherever he or she shall be, for the enforcement of this Order.

13. It is specifically agreed that making the SBI Documents available for inspection and the production of such documents shall not constitute a waiver or

agreement by the Parties or the SBI regarding any claim of confidentiality or of the admissibility of such documents into evidence at the trial of this action.

14. This Protective Order shall not prevent the Parties or the SBI from applying to the Court for relief from this Protective Order or from applying to the Court for further or additional protective orders, or from agreeing between themselves to modification of this Protective Order, with the concurrence of the SBI and subject to the approval of the Court.

15. Subject to final disposition by the Court, the Parties would request that all originals and copies of the SBI Documents be returned to the SBI at the conclusion of the action, with a certification that no other copies exist, and that all copies have been duly returned in compliance with this Order.

SO STIPULATED:

DATED: 11/15/16

s/Angel Gray

Counsel for State Bureau of Investigations

DATED: 11/15/16

s/ Matt Holloway

Counsel for Plaintiff

DATED: 11/15/16

s/ Sean F. Perrin

Counsel for Jack Van Duncan and Western Surety Company

DATED: 11/15/16

s/ J. Brandon Freeman

Counsel for Buncombe County

DATED: 11/15/16

s/ Thomas J. Doughton

Counsel for Charles Kielson

APPROVED AND SO ORDERED:

Signed: November 15, 2016

David C. Keesler
United States Magistrate Judge